UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 98-4366

ADRIEL TORRES BURGOS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Richard L. Voorhees, District Judge.
(CR-97-155)

Submitted: March 16, 1999

Decided: April 6, 1999

Before WILLIAMS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Philip J. Roth, Jr., Asheville, North Carolina, for Appellant. Gretchen
C. F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Adriel Torres Burgos appeals from his conviction, pursuant to a guilty plea, of one count of racketeering, see 18 U.S.C.A. § 1961(1), (5) (West 1984 & Supp. 1998) (Count 1), one count of conspiracy to commit racketeering, see 18 U.S.C.A. § 1962(d) (West 1984 & Supp. 1998) (Count 2), one count of conspiracy to possess with intent to distribute and distribute cocaine, methamphetamine and marijuana, see 21 U.S.C. § 846 (1994) (Count 3), six counts of possession with intent to distribute methamphetamine, see 21 U.S.C.§ 841(a)(1) (1994) (Counts 6 to 11), one count of enterprise in aid of racketeering activity, see 18 U.S.C. § 1959(b)(2) (1994) (Count 12), and one count of using and carrying a firearm and abetting same during and in relation to a crime of violence, see 18 U.S.C.A.§ 924(c) (West Supp. 1998) (Count 13). Burgos' attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that Burgos' appeal does not present any meritorious issues.[1] Burgos has filed two pro se supplemental briefs. He contends that the Government prosecutors procured testimony in violation of 18 U.S.C. § 201(c)(2) (1994)[2] and that his guilty plea was involuntary because of alleged overbroad conditions of probation in the plea agreement. We affirm in part and dismiss in part.

During trial, Burgos and his co-defendants entered into plea agreements with the Government. Burgos agreed to plead guilty to a series

_____

[1] Counsel's Anders brief raises the issue of whether the Government procured testimony in violation of 18 U.S.C. § 201(c)(2) (1994). Counsel asserts that the issue will not stand scrutiny by this Court. Since filing the Anders brief, counsel has withdrawn the issue from this Court's consideration.
[2] Section 201(c)(2) prohibits giving anything of value in exchange for sworn testimony.

2

of offenses arising from his participation in a drug distribution enterprise. Burgos also agreed to waive his right to challenge his conviction in a direct appeal or other post-conviction action excepting claims of ineffective assistance of counsel and prosecutorial misconduct. Pursuant to Fed. R. Crim P. 11(e)(1)(c), the Government agreed to recommend that the sentence on counts one and two be sixty months' probation and that the sentence on the remaining counts be ninety-six months' imprisonment.

After reviewing the record, we find that the court conducted a proper Rule 11 hearing. The court determined that Burgos was competent to enter a plea and that he understood the charges against him. He was informed of the maximum and minimum sentences and the possible fines. The court also reviewed the plea agreement with Burgos, including a review of Burgos' waiver of appellate rights. Burgos stated that he understood he was waiving his right to raise certain issues on appeal except for ineffective assistance of counsel and prosecutorial misconduct. Burgos stated that he was not promised anything other than what was in the agreement. He was informed of the rights he was waiving by entering a guilty plea. After hearing from the Government and considering the evidence at trial, the court found a sound factual basis for accepting the guilty plea. The court found that based on evidence presented at trial and other background information, it was not necessary to prepare a presentence investigation report. The court imposed the sentence agreed to by the parties as contained in the plea agreement.

On appeal, Burgos contends that his guilty plea, which imposed as a condition of probation that Burgos refrain from owning or operating motorcycles or attending motorcycle events or being employed in the adult entertainment industry or having contact with persons in those industries while he is incarcerated, was overbroad. He also relies on United States v. Singleton, 144 F.3d 1343 (10th Cir. 1998) to assert that prosecutors violated 18 U.S.C. § 201(c)(2).

The Government has filed a motion to dismiss the appeal based upon Burgos' waiver of his appellate rights in his plea agreement. Because Burgos' waiver was knowing and voluntary, we grant the motion as to his appellate contention that the agreement was overbroad. We deny it as to his Singleton claim because Burgos did not

3

waive his right to appeal on the basis of prosecutorial misconduct. This claim, however, is meritless. Singleton has been rejected by the Tenth Circuit in an en banc opinion, see United States v. Singleton, ___ F.3d ___, 1999 WL 6469 (10th Cir. Jan. 8, 1999) (No. 97-3178) (en banc), and we find the rationale of that opinion persuasive.

Pursuant to the requirements of Anders, this court has reviewed the record for potential error and has found none. Therefore, we affirm Burgos' convictions and sentences. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART AND DISMISSED IN PART

4